THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY F/K/A IDS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>LEANNE M. SASS, an individual, JESUS SASS, an individual, and JASON HALL, an individual,<br><br>　　　　　Defendants. | CASE NO. C20-5708-JCC<br><br>ORDER |

The matter comes before the Court on Plaintiff American Family Connect Property and Casualty Insurance Company f/k/a IDS Property Casualty Insurance Company's complaint for declaratory relief (Dkt. No. 1) and motion for summary judgment (Dkt. No. 17). Having reviewed Plaintiff's complaint and the record, the Court ORDERS Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction by filing an amended complaint adequately pleading that the parties are completely diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs, under 28 U.S.C. § 1332(a).

I.      BACKGROUND

Plaintiff filed this action against Leanne Sass, Jesus Sass, and Jason Hall seeking a

declaration that Plaintiff is not obligated to provide insurance coverage for a claim arising out of a car accident. (*See generally* Dkt. No. 1.) According to the complaint, Plaintiff issued an insurance policy to Leanne Sass that was effective from December 5, 2019 through June 5, 2020. (*Id.* at 3.) The policy provided liability coverage for bodily injury with an exclusion that "[n]o person shall be considered an insured person if that person uses the vehicle without a reasonable belief of having permission to use the vehicle." (*Id.* at 3, 5) On February 22, 2020, Ms. Sass's adult son, Jesus Sass, took her car without permission. (*Id.* at 4.) Mr. Sass and his passenger, Jason Hall, were both intoxicated, and Mr. Sass drove the car off the road. (*Id.*) Mr. Sass and Mr. Hall sustained bodily injuries in the accident. (*Id.*)

Plaintiff filed this action seeking a declaration that it is not required to cover their injuries because Mr. Sass drove the car without permission. (*Id.* at 6.) Ms. Sass agreed with the determination of no coverage and was voluntarily dismissed from this action. (Dkt. Nos. 11 at 2; 12.) Mr. Sass and Mr. Hall have failed to appear, and the Clerk entered default against them. (Dkt. Nos. 10, 19.) Plaintiff has filed a motion for summary judgment asking for a declaratory judgment that Plaintiff has no obligation to provide coverage for Mr. Sass and Mr. Hall related to the accident. (Dkt. No. 17.)

## II.     DISCUSSION

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Thus, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

Here, Plaintiff asserts that the Court has diversity jurisdiction. (Dkt. No. 1 at 2.) The Court has diversity jurisdiction when a lawsuit arises between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Relevant to diversity of citizenship, the complaint alleges that Plaintiff is a "foreign insurer licensed to conduct business in the State of Washington with its principal place of business in Wisconsin" and that each of the defendants "resides in Pacific County, Washington." (Dkt. No. 1 at 1–2.) Relevant to the amount in controversy, the complaint alleges that "[t]he amount in controversy exceeds $75,000" and the policy's "Bodily Injury limits are . . . $250,000 each person, and $500,000 each accident." (Dkt. No. 1 at 2.) Plaintiff's jurisdictional allegations suffer from three defects.

First, to adequately plead diversity of citizenship, a plaintiff must "allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that its principal place of business is in Wisconsin but does not affirmatively allege the state in which it is incorporated. (Dkt. No. 1 at 1); *see* 18 U.S.C. § 1332(c)(1). Instead, Plaintiff alleges that it is a "foreign insurer," which is insufficient. (Dkt. No. 1 at 1); *Kanter*, 265 F.3d at 857 (holding that a complaint was deficient where it merely alleged that several corporate defendants "were not citizens of California"). Second, Plaintiff alleges where each defendant "resides," but "a natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Id.*

Third, "[i]n declaratory judgment cases involving 'the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.'" *Infinity Ins. Co. v. Sevilla Guerrero*, 2007 WL 2288324, slip op. at 3 (E.D. Cal. 2007) (quoting *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)); *see Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). Plaintiff points only to the policy limits to establish the amount in controversy, but policy limits are "relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims

ORDER
C20-5708-JCC
PAGE - 3

exceeds the liability ceiling." *Budget*, 109 F.3d at 1473. Plaintiff alleges no facts regarding the value of the underlying claim and therefore fails to adequately plead that the amount in controversy exceeds $75,000.

**III.    CONCLUSION**

For the foregoing reasons, the Court ORDERS:

1. Plaintiff must file, within seven (7) days of the date of this Order, an amended complaint adequately pleading subject matter jurisdiction.

2. The Clerk is DIRECTED to re-note Plaintiff's motion for summary judgment (Dkt. No. 17) to fourteen (14) days after the date of this Order. At that time, the Court will treat the motion as ripe for the Court's consideration if Plaintiff sufficiently establishes the Court's subject matter jurisdiction.

3. Because the only remaining defendants are in default, the Court will construe Plaintiff's motion for summary judgment (Dkt. No. 17) as a motion for default judgment. *See Permanent Gen. Ins. Corp. of Ohio v. McDevitt*, 2020 WL 1329657, slip op. at 4 (E.D. Pa. 2020) (construing a motion for summary judgment as a motion for default judgment against the defaulting parties); *Great Am. Ins. Co. v. Delphini Constr. Co.*, 2015 WL 13791707, slip op. at 2 (M.D. Fla. 2015) ("The appropriate procedure against a defendant in default is a motion for default judgment, not a motion for summary judgment."); *Martinez v. Askins & Miller Orthopaedics*, 2018 WL 3391262, slip op. at 1 (M.D. Fla. 2018) (same); *Allstate Ins. Co. v. Saph*, 2014 WL 1515683, slip op. at 3 (E.D. Mich. 2014) (same). Plaintiff may file a supplemental brief, not to exceed six (6) pages, in support of its motion on or before the noting date.

//
//
//

1  DATED this 27th day of January 2021.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE